## Case No. 885.

### BANK OF CUMBERLAND v. WILLIS.

[3 Sumn. 472.][1]

Circuit Court, D. Maine. May Term, 1839.

FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—CORPORATIONS.

1. To entitle a corporation to sue in the circuit courts of the United States, all the members of that corporation must be citizens of some state of the United States, other than that state, of which the defendant is a citizen. And the averments must so be made in the declaration, in order to entitle the court to take jurisdiction of the case.

[Cited in Case v. Douglas, Case No. 2,491. Distinguished in Marshall v. Baltimore & O. R. Co., 16 How. (57 U. S.) 349.]

[See, contra,—that the right of a corporation to litigate in the courts of the United States depends on the citizenship of the corporation, and not on that of its members.—Louisville, C. & C. R. Co. v. Letson, 2 How. (43 U. S.) 497; Ohio & M. R. Co. v. Wheeler, 1 Black, (66 U. S.) 286; Greeley v. Smith, Case No. 5,747; Blackburn v. Selma, M. & C. R. Co., Id. 1,467; St. Louis, A. & T. H. R. Co. v. Indianapolis & St. L. R. Co., Id. 12,237.]

[2. Cited in Burnham v. Rangeley, Case No. 2,177, to the point that no costs are allowed if an action is dismissed for want of jurisdiction.]

At law. Assumpsit [by the president, directors and company of the Bank of Cumber-

---

[1] [Reported by Hon. Charles Sumner.]

land against Henry Willis] for non-payment of certain bills of exchange, drawn at Portland, by one George Willis; one payable to the order of William Willis, and another to the order of Mason Greenwood, on the defendant, and accepted by him. The declaration alleged that all the members of the corporation were citizens of Maine, and the defendant a citizen of Massachusetts. A plea in abatement was put in by the defendant, that one Charles Brooks, of Boston, and a citizen of Massachusetts, was the owner of ten shares of the capital stock, and a corporator of the said Cumberland Bank, at the time of the commencement of the said suit. Demurrer and joinder. [Judgment for defendant.]

Haines, for plaintiff, cited Strawbridge v. Curtiss, 3 Cranch, [7 U. S.] 267, and Gassies v. Ballon, 6 Pet. [31 U. S.] 761, as showing, that the courts of the United States ought not to limit their jurisdiction by narrow constructions and limitations, beyond the adjudged cases.

William P. Fessenden, for defendant, cited 1 Kent, Comm. (3d Ed.) Lect. 16, pp. 346, 347; and Smith v. Rines, [Case No. 13,-100.]

STORY, Circuit Justice. The plea in abatement in this case is certainly good. It has been repeatedly decided in the courts of the United States, that to entitle a corporation to sue in the circuit courts of the United States, all the members of that corporation must be citizens of some state of the United States, other than that state, of which the defendant is a citizen. And the averments must so be made in the declaration, in order to entitle the court to take jurisdiction of the case. The cases of Hope Ins. Co. v. Boardman, 5 Cranch, [9 U. S.] 57; Bank of U. S. v. Deveaux, Id. 61; Breithaupt v. Bank of Georgia, 1 Pet. [26 U. S.] 238; Bingham v. Cabot, 3 Dall. [3 U. S.] 382; Turner v. Enrille, 4 Dall. [4 U. S.] 7; Turner v. Bank of North America, 4 Dall. [4 U. S.] 8; and Strawbridge v. Curtiss, 3 Cranch. [7 U. S.] 267,— are fully in point. Mr. Chancellor Kent, in his learned commentaries, in the passage cited at the bar, (1 Kent, Comm., 3d Ed., Lect. 16, pp. 343-347,) has stated the acknowledged result of the cases in his usual clear and satisfactory manner. It remains, therefore, for this court only to pronounce its judgment, that as it is admitted by the demurrer, that one of the corporators is a citizen of Massachusetts, the same state, of which the defendant is averred to be a citizen, the plea is good in point of law, and the suit must abate for want of jurisdiction.

The district judge concurs in this opinion, and, therefore, there must be a judgment, that the suit be abated, but without costs.